IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BERT KIMBLE, on behalf of Missouri customers of AT&T Mobility that paid for city or county business license taxes collected by Defendants upon the provision of internet access services on bills issued from November 1, 2005 through September 30, 2010.<br><br>Plaintiffs,<br><br>vs.<br><br>The Missouri Cities of:<br>Jefferson City, Adrian, Advance, Arnold, Ash Grove, Ashland, Aurora, Ballwin, Bella Villa, Belle, Bellefontaine Neighbors, Belton, Berkeley, Bertrand, Beverly Hills, Black Jack, Bloomfield, Bloomsdale, Blue Springs, Bonne Terre, Boonville, Bowling Green, Breckenridge Hills, Brentwood, Bridgeton, Brookfield, Brunswick, Butler, Butterfield, Byrnes Mill, Cabool, California, Cameron, Campbell, Canton, Carl Junction, Carrollton, Cartersville, Carthage, Caruthersville, Centertown, Centralia, Chaffee, Chamois, Charlack, Charleston, Chesterfield, Chillicothe, Clayton, Clinton, Cole Camp, Columbia, Concordia, Cool Valley, Country Club Hills, Crestwood, Creve Coeur, Crocker, Crystal City, Crystal Lake Park, Crystal Lakes, De Soto, Dearborn, Dellwood, Des Peres, Desloge, Dexter, Doolittle, East Prairie, Edmundson, Eldon, Ellisville, Elsberry, Eureka, Excelsior Springs, Farmington, Fayette, Fenton, Ferguson, Festus, Flordell Hills, Florissant, Frontenac, Fulton, Gerald, Gideon, Gladstone, Glendale, Gower, Grain Valley, Grandview, Green Park, Greendale, Greenfield, Hallsville, Hannibal, Harrisonville, Hayti Heights, Hayti, | Case No. 2:13-cv-04007-NKL<br><br>**(JURY TRIAL DEMANDED)** |

1

Hazelwood, Herculaneum, Higginsville,   )
Hillsboro, Holden, Holts Summit, Houston, )
Iberia, Independence, Ironton, Jackson,   )
Jennings, Joplin, Kansas City, Kearney,   )
Kennett, King City, Kinloch, Kirksville,   )
Kirkwood, Knob Noster, La Monte, Ladue, )
Lake Lotawana, Lake Ozark, Lake Saint   )
Louis, Lake Tapawingo, Lake Winnebago, )
Lakeshire, Lamar, Lathrop, Lawson,   )
Leadington, Leadwood, Lebanon, Lees   )
Summit, Lexington, Liberty, Lilbourn, Linn,)
Louisiana, Macon, Malden, Manchester,   )
Maplewood, Marble Hill, Marceline,   )
Marshall, Marshfield, Marthasville,   )
Maryland Heights, Maryville, Mexico,   )
Miner, Moberly, Moline Acres, Monett,   )
Montgomery City, Mound City, Mountain   )
Grove, Neosho, Nevada, New Haven, New   )
Madrid, Normandy, North Kansas City,   )
Northwoods, O Fallon, Oak Grove, Oakland,)
Odessa, Olivette, Oran, Oronogo, Osage   )
Beach, Overland, Pacific, Pagedale, Palmyra,)
Park Hills, Parkville, Pasadena Hills,   )
Peculiar, Perryville, Pevely, Piedmont,   )
Pierce City, Pine Lawn, Platte City, Platte   )
Woods, Plattsburg, Pleasant Hill, Pleasant   )
Valley, Poplar Bluff, Portageville, Potosi,   )
Puxico, Raymore, Raytown, Republic,   )
Richmond Heights, Richmond, Riverside,   )
Rock Hill, Rock Port, Rolla, Saint Ann,   )
Saint Charles, Saint Clair, Saint John, Saint   )
Joseph, Saint Louis, Saint Mary, Salem,   )
Savannah, Scott City, Sedalia, Senath,   )
Seymour, Shrewsbury, Sikeston,   )
Slater, Smithville, Springfield, Sturgeon,   )
Sugar Creek, Sunset Hills, Sweet Springs,   )
Thayer, Tipton, Town and Country, Trenton,)
Troy, Union, University City, Valley Park,   )
Van Buren, Vandalia, Velda City, Velda   )
Village Hills, Vienna, Vinita Park,   )
Wardsville, Warrensburg, Warsaw, Warson  )
Woods, Washington, Waynesville,   )
Weatherby Lake, Webb City, Webster   )
Groves, Wellston, Wellsville, Wentzville,   )
West Plains, Weston, Wildwood, Willow   )
Springs, Winchester, Windsor, Winfield,   )

2

| | |
|---|---|
| and Woodson Terrace; | ) |
| and | ) |
| the County of St. Louis; | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

### Introduction

Plaintiffs are residents of Defendant Missouri Cities and St. Louis County that are internet access customers of AT&T Mobility, LLC ("AT&T"). Defendants collected business license taxes on the provision of internet access, in violation of the Internet Tax Freedom Act 42 U.S.C. § 151, ("ITFA"), that Plaintiffs ultimately paid.

In the early to mid 2000's, Defendants sued AT&T, Verizon Wireless, Sprint, T-Mobile, and US Cellular for failure to pay local business license taxes on wireless services. All cases were settled.

The settlement with AT&T resulted in taxation of internet access that was passed on to Plaintiffs. Defendants required the taxation of internet access only for AT&T, not Verizon Wireless, Sprint, T-Mobile, or US Cellular. Defendants knew or should have known that taxation of internet access was unlawful, but entered into the AT&T settlements anyway, without providing Plaintiffs with any notice or opportunity to be heard or represented. As a result, Plaintiffs have been forced to bear the burden of this unlawful tax. This lawsuit is brought to correct this situation.

### Parties

1. Bert Kimble is a resident of Jefferson City, Cole County, Missouri.

2. Bert Kimble was, at all times pertinent hereto, a customer of AT&T.

3

3. Bert Kimble was and is certified as a class representative for Missouri residents in the approved settlement in the case of "In Re AT&T Mobility Wireless Data Services Sales Tax Litigation", Case #1:10-cv-02278 MDL Docket No. 2147, in the United States District Court, Northern District of Illinois, Eastern Division (the "Consumer Class Action").

4. In the AT&T Mobility Wireless Data Service Sales Tax Litigation, Bert Kimble was one of 57 class representative plaintiffs representing a nationwide class of customers of AT&T who entered into service contracts with AT&T that included the provision of internet access through a smart phone or wireless data card and who were charged taxes on internet access on the bills for those services from November 1, 2005 through September 30, 2010, the date AT&T ceased such charges.

5. In the AT&T Mobility Wireless Data Service Sales Tax Litigation, Bert Kimble was also certified as a class representative for "The Missouri Subclass", a subclass of the nationwide class being all persons or entities who, as customers of AT&T, were charged taxes on their internet access fees on bills issued from November 1, 2005 through September 30, 2010, the date AT&T ceased such charges. All members of the AT&T Mobility Wireless Data Service Sales Tax class action, including the Missouri Subclass, were given the opportunity to exclude themselves from that class.

6. Plaintiff Bert Kimble brings this case as a class action in furtherance of the AT&T Mobility Wireless Data Service Sales Tax Litigation, and therefore the class Plaintiff Kimble represents in this action was included within the previously certified Missouri subclass in the Consumer Class Action by The Honorable Amy St. Eve, United States District Judge. As such, no further certification is necessary.

7. In the alternative, if additional class certification is deemed necessary, Plaintiff Kimble should be certified as class representative of the Plaintiff class here, defined as: Missouri customers of AT&T Mobility that paid for city or county business license taxes collected by Defendants upon the provision of internet access services on bills issued from November 1, 2005 through September 30, 2010. Such certification is appropriate because:

    a) This class is so numerous that joinder of all members is impracticable.

    b) There are questions of law common to the class.

    c) The claims of class representative Kimble are typical of the claims of the claims of the class.

    d) Class representative Kimble will fairly and adequately represent the interests of the class.

    e) The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the Defendants.

    f) The prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

    g) The Defendants have acted on grounds generally applicable to the class.

5

Case 2:13-cv-04007-NKL   Document 3   Filed 01/09/13   Page 5 of 17

7. Defendants are Missouri cities and the County of St. Louis, that, through the settlements with AT&T referenced herein, placed the financial burden of the unlawful collection of taxes on internet access services upon Plaintiffs.

8. Defendants that unlawfully collected taxes on internet access services are the following Missouri cities and county: Jefferson City, Adrian, Advance, Arnold, Ash Grove, Ashland, Aurora, Ballwin, Bella Villa, Belle, Bellefontaine Neighbors, Belton, Berkeley, Bertrand, Beverly Hills, Black Jack, Bloomfield, Bloomsdale, Blue Springs, Bonne Terre, Boonville, Bowling Green, Breckenridge Hills, Brentwood, Bridgeton, Brookfield, Brunswick, Butler, Butterfield, Byrnes Mill, Cabool, California, Cameron, Campbell, Canton, Carl Junction, Carrollton, Cartersville, Carthage, Caruthersville, Centertown, Centralia, Chaffee, Chamois, Charlack, Charleston, Chesterfield, Chillicothe, Clayton, Clinton, Cole Camp, Columbia, Concordia, Cool Valley, Country Club Hills, Crestwood, Creve Coeur, Crocker, Crystal City, Crystal Lake Park, Crystal Lakes, De Soto, Dearborn, Dellwood, Des Peres, Desloge, Dexter, Doolittle, East Prairie, Edmundson, Eldon, Ellisville, Elsberry, Eureka, Excelsior Springs, Farmington, Fayette, Fenton, Ferguson, Festus, Flordell Hills, Florissant, Frontenac, Fulton, Gerald, Gideon, Gladstone, Glendale, Gower, Grain Valley, Grandview, Green Park, Greendale, Greenfield, Hallsville, Hannibal, Harrisonville, Hayti Heights, Hayti, Hazelwood, Herculaneum, Higginsville, Hillsboro, Holden, Holts Summit, Houston, Iberia, Independence, Ironton, Jackson, Jennings, Joplin, Kansas City, Kearney, Kennett, King City, Kinloch, Kirksville, Kirkwood, Knob Noster, La Monte, Ladue, Lake Lotawana, Lake Ozark, Lake Saint Louis, Lake Tapawingo, Lake Winnebago, Lakeshire, Lamar, Lathrop, Lawson, Leadington, Leadwood, Lebanon, Lees Summit, Lexington, Liberty,

Lilbourn, Linn, Louisiana, Macon, Malden, Manchester, Maplewood, Marble Hill, Marceline, Marshall, Marshfield, Marthasville, Maryland Heights, Maryville, Mexico, Miner, Moberly, Moline Acres, Monett, Montgomery City, Mound City, Mountain Grove, Neosho, Nevada, New Haven, New Madrid, Normandy, North Kansas City, Northwoods, O Fallon, Oak Grove, Oakland, Odessa, Olivette, Oran, Oronogo, Osage Beach, Overland, Pacific, Pagedale, Palmyra, Park Hills, Parkville, Pasadena Hills, Peculiar, Perryville, Pevely, Piedmont, Pierce City, Pine Lawn, Platte City, Platte Woods, Plattsburg, Pleasant Hill, Pleasant Valley, Poplar Bluff, Portageville, Potosi, Puxico, Raymore, Raytown, Republic, Richmond Heights, Richmond, Riverside, Rock Hill, Rock Port, Rolla, Saint Ann, Saint Charles, Saint Clair, Saint John, Saint Joseph, Saint Louis, Saint Mary, Salem, Savannah, Scott City, Sedalia, Senath, Seymour, Shrewsbury, Sikeston, Slater, Smithville, Springfield, Sturgeon, Sugar Creek, Sunset Hills, Sweet Springs, Thayer, Tipton, Town and Country, Trenton, Troy, Union, University City, Valley Park, Van Buren, Vandalia, Velda City, Velda Village Hills, Vienna, Vinita Park, Wardsville, Warrensburg, Warsaw, Warson Woods, Washington, Waynesville, Weatherby Lake, Webb City, Webster Groves, Wellston, Wellsville, Wentzville, West Plains, Weston, Wildwood, Willow Springs, Winchester, Windsor, Winfield, and Woodson Terrace (collectively referred to herein as the "Missouri Cities"; and the county of St. Louis County.

### Jurisdiction and Venue

9. Plaintiff Bert Kimble is a resident of Jefferson City, Cole County, Missouri, and he was first injured in Cole County, Missouri.

10. Defendant Jefferson City is located within Cole County, Missouri which is located in this District.

11. As set forth herein, this Complaint raises a federal question, and includes a count brought pursuant to 42 U.S.C. § 1983.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Facts, Allegations Common to All Counts**

13. Since 1998, the Internet Tax Freedom Act (42 U.S.C. § 151) has prohibited Defendants, as political subdivisions of the State of Missouri, from imposing any tax on internet access.

14. Since1998, the state of Missouri has excluded internet access from the definition of telecommunications services that are subject to state and municipal sales tax, including the sales taxes of Defendants Missouri cities snd the County of St. Louis. *See,* § 144.010.1 (14) RSMo.

15. Prior to November 1, 2005, Defendants enacted ordinances that imposed "business license" taxes upon providers of telecommunications service.

16. After November 1, 2005, AT&T and other wireless carriers such as Verizon, Sprint, T-Mobile, and US Cellular, operating in Missouri, provided telecommunications services subjecting them to the responsibility to pay Defendants' business license taxes on those services.

17. Prior to November 1, 2005, AT&T and other wireless carriers such as Verizon, Sprint, T-Mobile, and US Cellular failed or refused to pay such "business license" taxes on the mobile or wireless services they provided on the grounds that these services did not constitute "telephone" or "telecommunications" services.

18. Prior to 2005, many of the Defendants, as a plaintiff class of cities (with the exception of certain cities that pursued litigation separately), sued AT&T, Verizon, Sprint, T-Mobile, and US Cellular for retrospective and prospective collection of taxes on mobile or wireless services in the Circuit Court of St. Louis County, Missouri; Case No. 1-CC-0044454 (the "City Class Action"). St. Louis County participated in the City Class Action as a separate plaintiff, and Clayton, Jefferson City, and Springfield pursued separate litigation.

19. In 2005, the Missouri legislature enacted House Bill 209 expanding the base of "telephone" or "telecommunication services" to include mobile or wireless services and therefore resolved the basis for the litigation between Defendants and AT&T Mobility, Verizon, Sprint, T-Mobile, and US Cellular. Said legislation contained provisions to reduce the business license tax rates to assure there was a "revenue neutral" reflection of the increased tax base resulting from the inclusion of mobile or wireless services to the cities, as provided by Article X, Section 22 of the Missouri Constitution, the "Hancock Amendment."

20. In August of 2006 certain specific provisions of 2005 HB 209 were ruled unconstitutional and invalid, and as a result of a "zipper clause" the rest of the provisions of 2005 HB 209 were invalidated.

21. Thereafter Defendants negotiated, and had approved and implemented separate settlement agreements reached in the City Class Action litigation with AT&T, Verizon, Sprint, T-Mobile, and US Cellular, as well as settlements in the separate litigation involving St. Louis County, Clayton, Jefferson City and Springfield. Generally, each such settlement had a finite back tax claim settlement amount with each

city and mandated that Defendants impose future ordinances to assure uniform imposition of taxes on mobile or wireless services.

22. Verizon, Sprint, T-Mobile, and US Cellular did not pay taxes to the state of Missouri, St. Louis County, or Defendants Missouri cities based upon internet access revenues, either through the settlements or otherwise. As a result, the settlements with these wireless providers correctly adhered to the ITFA and Missouri law in that these settlements did not require or result in these providers paying or passing through taxes on internet access to their customers.

23. Unlike the settlements with other wireless providers, the AT&T settlements with Defendants resulted in AT&T remitting business license taxes to Defendants based upon internet access revenues in violation the ITFA and Missouri law.

24. Many of the settlements with AT&T contained specific provisions agreed to by Defendants that authorized AT&T to pass through the back tax settlement and future tax payments to the Plaintiff class here, even though Plaintiffs were not parties to the litigation or settlement, and received no notice or opportunity to oppose its approval. In those settlements that did not specifically reference passing through tax payments, AT&T passed on the tax payments to the class just as it did with all taxes.

25. In 2009, AT&T became the defendant in a class action initially filed in the United States District Court for the Western District of Missouri (*Pauley, et. al. v. AT&T Mobility LLC, et. al;* Case No. 2:09-CV-04248) seeking return of taxes unlawfully imposed based on internet access revenues for Missouri residents. That case was transferred by the Judicial Panel for Multi District Litigation and joined with numerous other similar suits filed in other states in the AT&T Mobility Wireless Data Services

10

Sales Tax Litigation", Case #1:10-cv-02278 MDL Docket NO. 2147, before the United States District Court, Northern District of Illinois, Eastern Division (the "Consumer Class Action").

26. The Consumer Class Action resulted in an approved national settlement by which AT&T Mobility terminated collection of state and local political subdivision taxes, including business license taxes, on internet access revenues effective September 30, 2010; and required AT&T to request a refund of the state and local taxes unlawfully collected on internet access revenues or obtain an equivalent credit upon future tax liabilities, with the obligation to refund the moneys unlawfully collected to its wireless internet access customers, including Plaintiffs.

27. Pursuant to this Customer Class Action settlement, AT&T submitted refund requests to Defendants.

28. Pursuant to this Customer Class Action settlement, AT&T also notified Defendants that it would no longer collect their "business license" taxes on internet access revenues.

29. Defendants denied the refund requests or refused or failed to act on the refund requests.

30. Defendants, without providing notice or opportunity to object to Plaintiffs, filed enforcement motions in the City Class Action settlement seeking to have AT&T resume the collection of taxes on internet access revenues after September 30, 2010.

31. Recognizing that the law prohibited the imposition of taxes on internet access revenues, the Circuit Court of St. Louis County, Missouri, which originally

11
Case 2:13-cv-04007-NKL   Document 3   Filed 01/09/13   Page 11 of 17

approved the City Class Action settlement, ruled that the Defendants were not permitted to collect business license taxes on internet access revenues and the enforcement relief requested by the Defendants was denied. That decision was not appealed and is now final and binding upon those Defendant class members.

32. As a result of the foregoing, the ultimate burden of this unlawful tax on internet access services was placed upon Plaintiffs, the residents and constituents for whom it is Defendants' purpose to serve.

33. As a result of Defendants' refusal to refund any taxes imposed upon internet access services to AT&T customers, Plaintiffs are the only wireless internet access customers who have been burdened with this unlawful tax. Defendants did not impose this unlawful tax burden upon customers of Verizon Wireless, Sprint PCS, T-Mobile, or US Cellular. This burden has been imposed upon Plaintiffs, without correction or rectification, for internet access services provided by AT&T Mobility between November 1, 2005 and September 30, 2010.

## Count I - Violation of Internet Tax Freedom Act (ITFA)

34. The allegations set forth in paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. The ITFA, 47 U.S.C. § 151, Section 1101(a), in its current form, states:

"Moratorium. No state or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003 and ending November 1, 2014: (1) Taxes on Internet Access."

36. Under the ITFA, the phrase "internet access" means:

"a service that enables users to connect to the Internet to access content, information, or other services over the Internet; (B) includes the purchase, use or

12

sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchase, used or sold.—(i) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet(.)"

37. The State of Missouri has adopted statutes and regulations that are substantially the same or similar to the ITFA. See §144.010.1(14) RSMo.

38. Defendants have failed to modify, interpret, or enforce their tax ordinances in effect on or after November 1, 2005 consistently with the ITFA, and §144.010.1(14) RSMo, as they relate to AT&T and its customers, including Plaintiffs. As a result, Defendants unlawfully collected taxes on AT&T internet access revenues through September 30, 2010.

39. Defendants agreed with and/or otherwise allowed AT&T to pass this unlawful tax collection on to Plaintiffs.

40. Plaintiffs are individuals and entities whom the ITFA was enacted to protect.

41. As a result of Defendants' violation of the ITFA, Plaintiffs have been damaged in the approximate amount of $14,161,393.

WHEREFORE, Plaintiffs pray for Judgment in their favor and against Defendants in the amount of the taxes unlawfully collected which were passed on to Plaintiffs on internet access services, for interest thereon, for attorney's fees, and for such other and different relief as is proper.

## Count II - Equal Protection of Law

42. The allegations set forth in paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. Defendants have refused to reimburse Plaintiffs for business license taxes paid on internet access revenues. This has resulted in a disparate impact upon Plaintiffs in relation to internet access customers of other wireless carriers, in that Plaintiffs are the only wireless internet access customers that have been required to bear the burden of business license taxes collected in violation of the ITFA and Missouri law.

44. Plaintiffs are entitled to equal protection under the law pursuant to Article I, § 2 of the Missouri Constitution, and under the 14th Amendment to the United States Constitution.

45. Plaintiffs are similarly situated to customers of other mobile carriers that did not pay and have not passed through taxes collected on internet access services in violation of the ITFA and Missouri law. Defendants are imposing a classification by which only Plaintiffs are being made financially responsible for the unlawful imposition of taxes by Defendants in violation of the IFTA and Missouri law. Such classification violates and burdens the fundamental right of Plaintiffs under the IFTA and Missouri law to be free of city or county taxation of access to the internet, fails strict scrutiny, and is unlawfully discriminatory.

46. Plaintiffs have been damaged in the amount of taxes collected by Defendants on internet access revenues between November 1, 2005 and September 30, 2010.

WHEREFORE, Plaintiffs pray for Judgment in their favor and against Defendants in the amount of the taxes unlawfully collected which were passed on to Plaintiffs on

internet access services, for interest thereon, for attorney's fees, and for such other and different relief as is proper.

## Count III - Unjust Enrichment

47. The allegations set forth in paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

48. In imposing taxes on wireless service providers without obtaining voter approval, Defendants increased the base of such taxes without a corresponding reduction of the rate of the business license taxes in violation of Article X, Section 22 of the Missouri Constitution, also known as the Hancock Amendment.

49. Defendants Cities and the County of St. Louis did so despite the fact that the law required the business license tax rates to be reduced to reflect expanding the base of such taxes, as established by 2005 HB 209, later stricken on other grounds.

50. Defendants have thereby received and enjoyed the receipt of moneys collected in violation of the Missouri constitution, the ITFA and other Missouri laws; and Plaintiffs have been unjustly made ultimately responsible for the payment of the unlawfully collected taxes. Defendants have thereby been unjustly enriched.

51. It is not equitable for Defendants to keep said moneys. Defendants should be required to pay damages or restitution to Plaintiffs in amount equal to the amounts unlawfully collected and passed through to Plaintiffs. Defendants should not be rewarded for unlawful activities by being allowed to keep such funds.

WHEREFORE, Plaintiffs pray for Judgment in their favor and against Defendants in the amount of the taxes unlawfully collected which were passed on to Plaintiffs on

internet access services, for interest thereon, for attorney's fees, and for such other and different relief as is proper.

### Count IV - 42 USC § 1983

52. The allegations set forth in paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

53. Defendants are persons acting under color of state law, as set forth herein.

54. Defendants caused Plaintiffs to be subjected to deprivation of their right, under federal and state law, not to have their internet access services taxed, and their property rights, under federal and state law, not to have their moneys taken without substantive or procedural due process.

55. As a direct result, Plaintiffs have been damaged in the amount of moneys exacted or passed through to them by AT&T and remitted to Defendants as a result of the unlawful collection of business license taxes on internet access services bought by Plaintiffs.

WHEREFORE, Plaintiffs pray for Judgment in their favor and against Defendants in the amount of the taxes unlawfully collected which were passed on to Plaintiffs on internet access services, for interest thereon, for attorney's fees, and for such other and different relief as is proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues stated herein, and all issues so triable.

/s/ Craig S. Johnson
Craig S. Johnson          MoBar 28179
cj@cjaslaw.com
Johnson & Sporleder LLP
304 East High Street, Suite 200
P.O. Box 1670
Jefferson City, MO 65102
(573) 659-8734
(573) 751-3587 (facsimile)

Edward D. Robertson, Jr.   MoBar 27183
chiprob@earthlink.net
James P. Frickleton        MoBar 31178
jimf@bflawfirm.com
Mary D. Winter             MoBar 38328
marywinter@earthlink.net
Bartimus Frickleton Robertson & Gorny, PC
715 Swifts Highway
Jefferson City, MO 65109
(573) 654-4454
(573) 659-4460 (facsimile)

Matthew Clement            MoBar 43833
mclement@cvdl.net
Kari Schulte               MoBar 57739
KSchulte@cvdl.net
Cook, Vetter, Doerhoff & Landwehr, PC
231 Madison Street
Jefferson City, Missouri 65101
(573) 635-7977
(573) 635-7414 (facsimile)

ATTORNEYS FOR PLAINTIFFS